No. 12-16311

_____

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

MARIA IGNACIO AND CHERIE JOHNSON,
individually and on behalf of all other similarly situated persons,

Plaintiffs-Appellants

vs.

GEVITY HR, INC., a Florida Corporation,

Defendant-Appellee

_____

Appeal from the Honorable Edward M. Chen
United States District Court, Northern District of California
Case No.: 09-cv-05972-EMC

_____

**APPELLANTS OPENING BRIEF**

Harry G. Lewis (SBN 157705)
Jennifer A. Donnellan (SBN 210795)
CORNERSTONE LAW GROUP
575 Market Street, Suite 3050
San Francisco, CA 94105
Telephone:(415) 625-5025
Facsimile: (415) 655-8236

Attorneys for Appellants

## TABLE OF CONTENTS

Page

I.     JURISDICTION ........................................................................ 1

II.    STANDARD OF REVIEW ........................................................ 1

III.   STATEMENT OF THE CASE ................................................... 2

IV.    ISSUES PRESENTED ............................................................... 3

V.     ADDENDUM ............................................................................ 3

VI.    STATEMENT OF FACTS ........................................................ 3

       A.    Gevity And AMX Jointly Employed Appellants. ............................ 3

       B.    The California Offices Are Closed And The Appellants Are

             Laid Off Without Payment Of Their Wages. ...................................... 6

       C.    Appellants File Claims With The California Labor Commissioner

             For Their Wages. .............................................................................. 7

             1.    Ignacio's Labor Commissioner Claim ...................................... 7

             2.    Johnson's Labor Commissioner Claim ..................................... 8

       D.    Plaintiffs File A Class Action Against AMX And Gevity. ................. 9

VI.    SUMMARY OF ARGUMENT ................................................ 11

VII.   ARGUMENT ........................................................................... 13

       A.    Appellants Have Standing To Appeal The Order. ........................... 13

B.    The District Court Sitting In Diversity Erred By Applying The Federal Common Law Of *Res Judicata* Instead Of California Law. ..............13

C.    The District Court Erred In Finding That Ignacio's Claims Were Barred By *Res Judicata* Because She Withdrew Her Claims Against Gevity At The Labor Commissioner Hearing....................................15

    1.    Ignacio's Claims Against Gevity At The Labor Commissioner Hearing Were Dismissed Without Prejudice. ..........................15

    2.    The District Court Improperly Applied Formal Civil Trial Rules To The Informal Labor Commissioner Hearing. ...........17

D.    The Labor Commissioner Did Not Reach A "Final Judgment On The Merits" Of The Appellants' Claims So *Res Judicata* Does Not Apply. .........................................................................................21

    1.    The Labor Commissioner Did Not Reach The Merits Of Appellants' Claims. ..............................................................21

    2.    The Labor Commissioner Did Not Reach A Final Judgment On Appellants' Claims Against Gevity.........................................22

VII.    CONCLUSION ........................................................................24

STATEMENT OF RELATED CASES...............................................................25

CERTIFICATE OF COMPLIANCE ..................................................................25

CERTIFICATE OF SERVICE............................................................................25

# TABLE OF AUTHORITIES

<u>Page</u>

## Cases

*Arias v. Kardoulias*, 207 Cal. App. 4th 1429 (2012) ......................................19, 20

*Aspeitia v. California Trust Co.*, 158 Cal. App. 2d 150 (1958) ............................16

*Astoria Federal S. & L. Assn. v. Solimino*, 501 U.S. 104 (1991) ..........................19

*Carvel v. Arents*, 126 Cal. App. 2d 776 (1954) ....................................................18

*Costantini v. Trans World Airlines*, 681 F.2d 1199 (9th Cir. 1982)......................14

*Davis v. Pine Mountain Lumber Co.* 273 Cal. App 2d 218 (1969) ........................17

*EEOC v. Pan American World Airways, Inc.,* 897 F.2d 1499 (9th Cir. 1990) .......13

*Ensher v. Ensher, Alexander & Barsoom, Inc.*, 187 Cal. App. 2d 407 (1960) .......16

*Fisher v. Eckert*, 94 Cal. App.2d 890 (1949).........................................................18

*Gagnon Co., Inc. v. Nevada Desert Inn*, 45 Cal.2d 448 (1955) .....................passim

*Gregory v. Bowen*, 844 F.2d 664 (9th Cir. 1988) ...........................................18, 21

*Holder v. Holder,* 305 F.3d 854 (9th Cir. 2002) ..................................................... 1

*In re Corey,* 892 F.2d 829 (9th Cir. 1989)..............................................................16

*Jacobs v. CBS Broad, Inc.,* 291 F.3d 1173 (9th Cir. 2002)....................................14

*Martinez v. Combs*, 49 Cal.4th 35 (2010)...........................................................3, 20

*Mycogen Corp v. Monsanto Co.*, 28 Cal.4[th] 888 (2002) ........................................14

*Noble v. Draper*, 160 Cal. App. 4th 1 (2008) ...........................................14, 21, 22

Case: 12-16311    10/19/2012    ID: 8370181    DktEntry: 10    Page: 5 of 47

*Nolan v. Workers' Comp. Appeals Bd.*, 70 Cal. App. 3d 122 (1977).....................16

*People v. Damon*, 51 Cal.App.4th 958 (1996)........................................19

*Smith v. Rae-Venter Law Group* 29 Cal.4th 345 (2002) ..........................19

*Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189 (9th Cir. 1997) ................. 1

**Statutes**

28 U.S.C. §1291 ................................................................................. 1

28 U.S.C. §1332 ................................................................................. 1

**Rules**

Federal Rule of Civil Procedure 41(a).................................................16

Federal Rule of Civil Procedure 58 .................................................... 1

**Regulations**

8 Cal. Code Regs. §13502....................................................................20

**Codes**

Labor Code 98(a) ................................................................................19

Labor Code 98.2 .............................................................................22, 23

# I.    JURISDICTION

Subject matter jurisdiction in the district court is pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship and the amount in controversy is greater than $75,000.

Jurisdiction over the final judgment in the district court disposing of all claims is predicated on 28 U.S.C. §1291.  On December 7, 2011, the district court denied Appellants Maria Ignacio ("Ignacio") and Cherie Johnson ("Johnson") (collectively referred to as "Appellants") Motion to Substitute as Class Representatives ("Motion").  The district court subsequently entered judgment in favor Appellee Gevity HR, Inc. ("Gevity") on June 5, 2012.  That same day, Appellants filed their Amended Notice of Appeal ("Appeal").[1]

# II.    STANDARD OF REVIEW

The district court denied Appellants' Motion solely on the basis that their claims were barred by the doctrine of *res judicata*.  Application of *res judicata* is a question of law so the standard of review is *de novo. See Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997); *see also, Holder v. Holder,* 305 F.3d 854, 863 (9th Cir. 2002) (claim and issue preclusion are reviewed *de novo*.)

---

[1] Plaintiff Marshall Field does not appeal the district court's order granting Gevity's summary judgment as to his claims issued on August 2, 2011.  There is, therefore, no issue regarding the timeliness of this appeal because it complies with the requirements of Federal Rules of Civil Procedure ("FRCP"), Rule 58.

## III.   STATEMENT OF THE CASE

Plaintiff Marshall Field ("Field") filed this class action on behalf of himself and all similarly situated individuals (collectively referred to as "Plaintiffs") in California Superior Court, naming as defendants American Mortgage Express[2] ("AMX") and Gevity.  Plaintiffs alleged claims against Gevity for failure to pay wages and accrued vacation at termination in violation of the California Labor Code.  Gevity removed this action to federal court on the basis of diversity.

On August 2, 2011, the district court granted Gevity's motion for summary judgment solely on the claims asserted by Field but granted Plaintiffs leave to amend the complaint to substitute a new class representative.  Plaintiffs moved to substitute Appellants Ignacio and Johnson as class representatives.

On December 7, 2011, the district court issued its Order Denying Proposed Plaintiffs' Motion to Substitute Class Representatives ("Order").  The district court concluded that Appellants' claims against Gevity were barred under federal common law *res judicata* by the rulings of California Labor Commissioner.

On June 5, 2012, final judgment was entered by the district court in favor of Gevity.  Appellants timely filed this Appeal that same day.

---

[2] AMX is insolvent and did not appear in this action or in Appellants proceeding before the California Labor Commissioner.

## IV.   ISSUES PRESENTED

Did the district court, sitting in diversity, improperly apply the federal common law of *res judicata* rather than California law?

Under California's law of *res judicata*, were Appellant Ignacio's claims barred by her withdrawal of her claims at the Labor Commissioner hearing?

Did the Labor Commissioner issue a "final judgment on the merits" on Appellants' claims as required for a finding of *res judicata* under California law?

## V.   ADDENDUM

Appellants addendum, submitted pursuant to of the Ninth Circuit Court Rule 28-2.7, is bound to this brief.

## VI.   STATEMENT OF FACTS

### A.   Gevity And AMX Jointly Employed Appellants.

Appellants contend that Gevity was their co-employer because it exercised control over their wages and working conditions. *See Martinez v. Combs*, 49 Cal.4th 35, 64 (2010).

AMX was a national mortgage brokerage company based in New Jersey. (ER 331)  Field, Johnson and Ignacio, as well as the other putative class members, worked in AMX's California offices located in Santa Rosa, San Ramon, and Irvine (the California employees are referred to collectively as "Employees"). (Appellants' Excerpts of Record ("ER") 511)  Johnson was the manager of the

Santa Rosa office and Ignacio was the co-manager of the San Ramon office. (ER 349, 599)

Gevity and AMX entered into a Professional Services Agreement ("Agreement") for Gevity to provide payroll and human resources services to the Employees. (ER 332, 468-481)  To facilitate these services, Gevity became a "co-employer" of the Employees. (ER 470)  The Agreement states, "Gevity assumes responsibility for the payment of wages to" the Employees "without regard to payments by [AMX] to Gevity." (*Id*.)

Gevity notified the Employees that it was their employer. (ER 333-334) Gevity provided the Employees with its "Gevity New Hire Packets" that contained its employment policies and procedures. (ER 349, 356-364, 601, 607-625)  In these documents, Gevity informed the Employees that it was their co-employer, that they were employed at-will such that Gevity could terminate them with or without cause or notice, and that they were required to comply with Gevity's employment policies and procedures. (*Id*.)

Gevity paid the Employees' wages. (ER 334) It informed the Employees that it was their co-employer on their paystubs and represented itself as their sole employer on their Form W-2 statements. (ER 350, 601, 626-629)  The Employees were instructed to contact Gevity's Wage and Hour department about problems related to their paycheck or "their rights under any laws." (ER 609)

4

Gevity also controlled the Employees' wages. (ER 335-336). Gevity reduced the compensation of Ignacio and Johnson. (ER 352, 370-371, 514-515, 583-585, 604) Gevity also refused to allow Ignacio and the San Ramon employees participate in a program to receive unemployment insurance when their work schedules were reduced. (ER 352)

Gevity provided the Employees with employment benefits including health, dental and vision insurance, as well as a Flexible Spending Accounts. (ER 335, 350, 602, 637-646). Gevity also provided workers' compensation insurance to the Employees and processed their workers' compensation claims. (ER 351, 601). Gevity provided COBRA benefits to the Employees after the termination of their employment. (ER 353, 606)

Gevity installed one of its own employees, Marla Barr ("Barr"), as AMX's Director of Human Resources. (ER 331-332, 512, 555-571) Barr reported directly to AMX's CEO, was a member of its Senior Management Team, and was on the same level in its corporate hierarchy as the Chief Financial Officer. (*Id*.)

Gevity maintained control over the Employees terms and conditions of employment. (ER 336-339) Barr and another Gevity employee, Stephanie Cupo ("Cupo"), represented themselves to the Employees as AMX's human resources representatives. (ER 350, 513, 600). Barr and Cupo exclusively provided human resources support for the Employees. (ER 350-351, 513, 601)

Gevity approved the hiring of the Employees. (ER 337, 351, 513, 602).  It oversaw the Employees' performance review process. (ER 339, 352, 603)  And it approved the discipline and termination of the Employees. (ER 337-38, 353, 515, 604-606) Appellants were also required to and did obtain Gevity's approval for all changes to the compensation of the Employees they supervised. (ER 351, 514, 603, 692-693)

Gevity required the Employees to participate in its Workplace Harassment and Equal Opportunity training. (ER 338, 352, 372-376, 603)

Gevity required the Employees to comply with its FMLA policy.  Johnson had to obtain Barr's approval to take a pregnancy leave of absence, update her regarding her status during the leave, and obtain her approval to return to work. (ER 338, 353, 603)

**B.    The California Offices Are Closed And The Appellants Are Laid Off Without Payment Of Their Wages.**

On August 3, 2007, the Employees were notified that the California Offices were being closed and their employment was being terminated. (ER 338, 353, 517, 605-606) Appellants and the other Employees were not paid their owed wages and accrued vacation at the time of termination. (*Id*.)

6

**C.     Appellants File Claims With The California Labor Commissioner For Their Wages.**

**1.     Ignacio's Labor Commissioner Claim**

Ignacio filed a claim for her unpaid wages and vacation with California Division of Labor Standards Enforcement ("Labor Commissioner") against both AMX and Gevity. (ER 303) A hearing was conducted on July 16, 2008. (ER 381) Gevity was represented by counsel at the hearing. (*Id*.) Ignacio appeared at the hearing without legal representation. (*Id*.) AMX did file an answer to the complaint or appear at the hearing. (ER 381)

The hearing officer found that AMX and Gevity **"operated as joint employers** of [Ignacio]."[3] (ER 383, Legal Analysis, ¶ 1; emphasis supplied) The hearing officer also noted that Ignacio "opted at the hearing to withdraw her claim against Gevity, and as a result of expressly abandoning her claim against Gevity; defendant Gevity is dismissed from the complaint." (*Id*.)

The Labor Commissioner then issued an Order Decision and Award ("ODA") on Ignacio's claim incorporating the hearing officer's findings. (ER 380) AMX was found liable for Ignacio wages, interest and penalties. (*Id*.) The ODA did

---

[3] Most of the Employees in the San Ramon office also filed claims with the Oakland Labor Commissioner and the officer hearing their claims similarly ruled that Gevity and AMX operated as joint employers. (ER 81-191)

not reference Gevity or make any determination regarding its liability for Ignacio's claims. (*Id.*)

There was no appeal of Ignacio's ODA to the superior court. The Labor Commissioner therefore requested that the ODA be entered as judgment in the Contra Costa Superior Court.[4] (Appellants Request for Judicial Notice, Exhibit A) Judgment was entered in favor of Ignacio as to her claims against AMX. (*Id.*) No judgment was entered regarding Ignacio's claims against Gevity. (*Id.*)

### 2.    Johnson's Labor Commissioner Claim

Johnson filed a claim with the Labor Commissioner in its Santa Rosa office seeking payment from AMX of her unpaid wages and accrued vacation. (ER 284) Johnson did not name Gevity in her complaint. (*Id.*) The Labor Commissioner amended her complaint to add Gevity as a defendant and Johnson signed the amended compliant. (ER 282)

The Labor Commissioner conducted a hearing on Johnson's complaint on January 31, 2008. (ER 389) Johnson appeared at the hearing without legal representation. (ER 390) Gevity submitted an answer and a declaration but it did not appear at the hearing. (ER 285-286, 288-293, 390-392) AMX neither answered the complaint nor appeared at the hearing. (ER 390)

---

[4] AMX is insolvent and has failed satisfy the judgments entered on behalf of Appellants and the other Employees who received judgments after the Labor Commissioner proceeding.

The hearing officer issued Findings of Fact and Conclusion ("Findings") on Johnson's complaint that made three references to Gevity. (ER 389-394) A footnote to the caption notes, "Gevity HR, Inc., a foreign corporation, has been eliminated in this Decision as a Defendant in this case." (ER 389) In the <u>Findings of Fact,</u> it is noted that, "Plaintiff did not work for Defendant-Gevity." (ER 393) In the <u>Conclusions of Law</u>, the hearing officer repeats, "Gevity is eliminated as a party to this case." (ER 394) No factual or legal explanation is provided by the Labor Commissioner for why Gevity is "eliminated as a party." (ER 389-394)

The Labor Commissioner then issued an ODA on Johnson's claim incorporating the Findings. (ER 394) The ODA, again, did not reference Gevity as a party to the action or make or make any determination regarding its liability for Johnson's claims. (*Id*.)

There was no appeal of the ODA to the superior court. The Labor Commissioner therefore requested that judgment be entered on the ODA in the Sonoma Superior Court in favor of Johnson as to AMX. (ER 295-300) No judgment was entered regarding Gevity's liability for Johnson's claims. (*Id*.)

**D.     Plaintiffs File A Class Action Against AMX And Gevity.**

Plaintiffs filed the subject class action against AMX and Gevity in the California Superior Court. (ER 741-747) Gevity removed the action to federal court on the basis of diversity. (ER 731-735) Plaintiffs then filed a First Amended Class

Action Complaint alleging claims against Gevity for unpaid wages and vacation under the Labor Code. (ER 724-730)

On August 2, 2011, the district court granted Gevity's motion for summary judgment solely as to Field's claims. (ER 710-723) Plaintiffs were, however, granted leave to amend the complaint to substitute a new class representative in place of Field. (ER 722-723)

Plaintiffs moved to substitute Appellants Ignacio and Johnson as the class representatives. (ER 326-346) On December 7, 2011, the district court denied the Motion on the basis that the Labor Commissioner rulings were *res judicata* as to Appellants' claims against Gevity in the district court. (ER 1-13)

In reaching this decision, the district court applied the federal common law of *res judicata* regarding the preclusive effect of administrative hearings on subsequent civil claims. (ER 6:1-8)[5] The district court then found that Ignacio's withdrawal of her claim at the Labor Commissioner hearing constituted a dismissal with prejudice that barred her civil claims. (ER 9:25-11:24) The district court also found the Labor Commissioners' rulings on Appellants' claims were "final judgment on the merits" requiring application of *res judicata*. (ER 8:2-11:24)

Plaintiffs were granted leave to substitute another class representative but the district court warned that any proposed class representative could be challenged on

---

[5] Citations to the Order contain both the page and line number.

the same legal grounds as the Appellants. (ER 17-18) Plaintiffs thereafter notified

the district court that the other potential class members had similarly filed claims

with the Labor Commissioner and would be subject to the same *res judicata*

determination. (*Id*.) Accordingly, Plaintiffs asked that judgment be entered in the

district court so the *res judicata* determination could be appealed to this Court. (*Id*.)

Judgment was entered in favor of Gevity on June 5, 2012. (ER 14)

Appellants filed the subject appeal that same day. (ER 15-16)

## VI.     SUMMARY OF ARGUMENT

The Order is riddled with legal errors necessitating reversal.  First, the

district court denied the Motion based on the federal common law of *res judicata*

pertaining to the preclusive effect of state administrative tribunals.  A federal court

sitting in diversity, as is the case here, must apply the *res judicata* law of the state

in which it sits.  The district court, therefore, erred by failing to apply California's

law of *res judicata*.

Second, the district court ignored well-established California authority in

ruling that Ignacio's withdrawal of her claim against Gevity at the Labor

Commissioner hearing constituted a dismissal "with prejudice."  Under a proper

application of California's law of *res judicata*, a dismissal is "without prejudice"

unless there is a finding on the merits of the claim.  *See Gagnon Co., Inc. v.*

*Nevada Desert Inn*, 45 Cal.2d 448, 455 (1955).  Ignacio's withdrawal of her claim

11

at the Labor Commissioner hearing was without prejudice to her pursuing claims in this action because there was no determination on the merits of her claim.

The district court, in reaching its erroneous conclusion that Gevity's dismissal from Ignacio's Labor Commissioner action was with prejudice, relied on cases finding a dismissal at a **civil trial** is considered to be a dismissal with prejudice. There is **no** legal or logical basis to extend this exacting legal requirement to an unrepresented party's withdrawal of her claim at an informal administrative hearing. Furthermore, such a strict standard should not be applied in light of the Legislature's intent that the Labor Commissioner hearing be an informal process that is not governed by the technical rules of civil procedure.

The district court also erred in holding that the Labor Commissioner reached a "final judgment on the merits of [Appellants'] claims." The hearing officer did not reach the merits of Ignacio's claim as it dismissed Gevity based on the withdrawal of her claim. The hearing officer similarly "eliminated" Gevity as a party without reaching the merits of Johnson's claim.

In addition, there was no "final judgment" entered regarding Gevity's liability for Appellants' claims. The Labor Commissioner did not issue an ODA regarding Gevity's liability for either of the Appellants' claims. Judgment was then entered on the ODAs in the California Superior Court on behalf of Appellants against only AMX. No judgment was entered in favor or against Gevity.

12

For all of these reasons, the Labor Commissioner's rulings should not have been give *res judicata* effect in the district court and the Order should be reversed.

## VII.  ARGUMENT

### A.    Appellants Have Standing To Appeal The Order.

The Appellants have standing to appeal the Order.  Individuals such as Appellants may appeal where "they actually participated in proceedings before the district court and the equities weigh in favor of hearing the appeal." *EEOC v. Pan American World Airways, Inc.,* 897 F.2d 1499, 1504 (9th Cir. 1990).

Appellants moved the district court to be substituted as class representatives in the lawsuit but were denied that right. (ER 1-13) The district court then entered judgment in favor of Gevity based on the Order. (ER 14) As Appellants were denied the right to participate in the class action, they should be allowed to appeal the Order. *Id.* ("[I]t would be a cruel irony to bar an appeal from an order denying permission to participate in litigation for the very reason that the would-be appellants did not participate below.")

### B.    The District Court Sitting In Diversity Erred By Applying The Federal Common Law Of *Res Judicata* Instead Of California Law.

Federal jurisdiction in this case is based on the diversity of the parties. (ER 731-735) "This court has held that a federal court sitting in diversity must apply

13

the *res judicata* law of the state in which it sits." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982).

> We have applied that rule even where the prior action was in federal court and involved federal questions. Hence California's law of *res judicata* dictates what preclusive effect is to be accorded to the prior judgment against appellant.

*Id*.; *see also Jacobs v. CBS Broad, Inc.,* 291 F.3d 1173, 1177 (9th Cir. 2002) (state law controlled preclusive effect of plaintiff's claims in a diversity action).

The district court was, therefore, required to apply California's law of *res judicata*. It did not. The district court instead applied the federal common law of *res judicata*. The court's Order states:

> [I]n *Miller v. County of Santa Cruz,* 39 F.3d 1030 (9th Cir. 1994), the Ninth Circuit held that...as a matter of federal common law, federal courts [still] give preclusive effect to the findings of state administrative tribunals…state administrative adjudications of legal and factual issues even if unreviewed – are given preclusive effect in federal court…

(ER 5:24-6:8) (internal quotations omitted).

Under California law, as distinct from federal law, *res judicata* is applied to administrative decisions only when there is a "final judgment on the merits." *Mycogen Corp v. Monsanto Co.*, 28 Cal.4th 888, 896 (2002); *Noble v. Draper*, 160 Cal. App. 4th 1, 11 (2008).[6] There was no "final judgment on the merits" of either of the Appellants' claims before the Labor Commissioner. The district court also

---

[6] *Noble* is the **only** published California decision addressing the preclusive effect of a Labor Commissioner ruling in a subsequent civil claim.

14

ignored California law of *res judicata* by finding that Ignacio's withdrawal of her claim at the Labor Commissioner hearing barred her civil claims. These errors, as discussed more fully below, compel reversal of the Order.

**C.    The District Court Erred In Finding That Ignacio's Claims Were Barred By *Res Judicata* Because She Withdrew Her Claims Against Gevity At The Labor Commissioner Hearing.**

    **1.    Ignacio's Claims Against Gevity At The Labor Commissioner Hearing Were Dismissed Without Prejudice.**

The district court ignored well-established California authority to rule that Ignacio's withdrawal of her claim against Gevity at the Labor Commissioner hearing was a dismissal "with prejudice." Ignacio "opted at the [Labor Commissioner] hearing to withdraw her claim against Gevity, and as a result of expressly abandoning her claim against Gevity; defendant Gevity is dismissed from the complaint." (ER 3:10-12). Such a dismissal is "without prejudice" because there was no actual determination regarding the merits of her claim.

The California Supreme Court provided the following guidance regarding when an order of dismissal has *res judicata* effect under California law:

> A dismissal without prejudice…is **not** a bar to another action by the plaintiff on the same cause…An order of dismissal containing **no statement** whatever that it is made **without prejudice is not a bar to a subsequent action,** unless the record shows that **there was an actual determination on the merits**.

*Gagnon,* 45 Cal.2d at 455 (emphasis supplied); *see also, Aspeitia v. California Trust Co.*, 158 Cal. App. 2d 150, 153 (1958) (because the record did not show a determination of the prior action on the merits, the dismissal was not a bar to the subsequent action); *Ensher v. Ensher, Alexander & Barsoom, Inc.*, 187 Cal. App. 2d 407, 411 (1960) ("The ordinary rule is that the dismissal of an action does not operate as a bar to another action for the same cause of action as was stated in the action which was dismissed...").[7]

California's law is in accord with federal law. FRCP, Rule 41(a) provides that a voluntary dismissal is not considered to be with prejudice unless the dismissal expressly states that it is with prejudice. When, as here, "the dismissal order was silent as to whether it was with or without prejudice, it is presumed to be a dismissal without prejudice" and has "no *res judicata* effect." *In re Corey,* 892 F.2d 829, 835 (9th Cir. 1989).

The district court noted, "nothing in the record indicated that Ignacio asked for a dismissal without prejudice; similarly, the Labor Commissioner's order also failed to specify whether the dismissal was with or without prejudice." Order 9:27-10:1. This statement completely misses the point and ignores the California

---

[7] This rule of *res judicata* also applies to administrative proceedings under California law. In *Nolan v. Workers' Comp. Appeals Bd.*, 70 Cal. App. 3d 122, 126 (1977), the applicant was denied the right to refile his workers' compensation claim after it was dismissed by the Administrative Law Judge without a determination on the merits. The appellate court reversed holding that the dismissal was without prejudice and did not bar a subsequent action on the same claim filed within the applicable statutory period. *Id.* at 128-129.

Supreme Court's holding in *Gagnon*. [8]  It was not incumbent on Ignacio to request a dismissal without prejudice (as if an unrepresented party would even understand how to do so).  "An order of dismissal containing no statement whatever that it is made without prejudice is **not** a bar to a subsequent action, unless the record shows that there was an actual determination on the merits." *Gagnon*, 45 Cal.2d at 455.

Because Ignacio voluntarily withdrew her claims against Gevity, the hearing officer dismissed Gevity from Ignacio's complaint without reaching the merits of her claim; Ignacio is thus **not** barred from bringing the subject action against Gevity under California law.

## 2.     The District Court Improperly Applied Formal Civil Trial Rules To The Informal Labor Commissioner Hearing.

The district court erroneously applied legal authority addressing a voluntary withdrawal of a complaint at a **civil trial** to find that Ignacio's withdrawal of her claim at the Labor Commissioner hearing was a dismissal "with prejudice." (ER 10:26-11:1)  The district court cited California Code of Civil Proc. §581(c) statement that a plaintiff "may dismiss a superior court complaint with or without prejudice prior to the commencement of trial" and the following cases holding that a **dismissal at trial** is presumed to be with prejudice. *Davis v. Pine Mountain Lumber Co.* 273 Cal. App 2d 218, 227 (1969) ("after **trial has commenced** a

---

[8] Plaintiffs' cited this authority to the district court but it failed to even address it in the Order. (ER 1-13, 22)

dismissal is with prejudice unless good cause is shown for it to be without prejudice"); *Carvel v. Arents*, 126 Cal. App. 2d 776, 779-80 (1954) ("if a plaintiff desires to have the action dismissed by the court without prejudice, **after trial has commenced**, it is necessary that he show good cause for dismissal); *Fisher v. Eckert*, 94 Cal. App.2d 890, 893 (1949) (dismissal was with prejudice where the court dismissed the jury **during the trial**). (*Id.*; emphasis supplied).

There is no California authority supporting the proposition that the voluntary withdrawal of a claim at an administrative hearing is *res judicata* to a subsequent civil action. The district court's ruling on this issue, moreover, is contrary to Ninth Circuit authority holding that *res judicata* should not have been applied here. "The doctrine of res judicata should not be applied rigidly in administrative proceedings" because "the rigid application of res judicata would be undesirable where a petitioner in an administrative hearing was not represented by counsel." *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988).

Instead, the district court opined that there was a "fair presumption that [Ignacio] intended to abandon her claims against Gevity" and "the equities…counsel in favor of charging Ms. Ignacio with abandoning her claim." (Order, 10:28, 11:14-15). This manufactured presumption ignores *Gregory*, as

well as the holding of the California Supreme Court in *Gagnon* that a voluntary dismissal is without prejudice unless there is a finding on the merits.[9]

The United States Supreme Court has held that administrative decisions should not be given *res judicata* effect if the statutory scheme implicitly shows a contrary intent. *See Astoria Federal S. & L. Assn. v. Solimino*, 501 U.S. 104, 110-112 (1991) (federal age discrimination in employment law, by assuming possibility of federal consideration after state agencies finished their consideration, implied that federal courts should not give preclusive effect to state administrative agency's judicially unreviewed findings on state law age discrimination claim). California's courts have similarly held that "administrative decisions should not be given *res judicata* effect if the statutory scheme explicitly or implicitly shows a contrary intent." *People v. Damon*, 51 Cal.App.4th 958, 970 (1996).

The California legislature never intended the Labor Commissioner hearing process to mirror civil trials or comply with the arcane rules of civil procedure. The purpose of the Labor Commissioner process is "to avoid recourse to costly and time-consuming judicial proceedings..." *Arias v. Kardoulias*, 207 Cal. App. 4th 1429, 1434 (2012) *citing Smith v. Rae-Venter Law Group* 29 Cal.4th 345, 356 (2002). Labor Code section 98(a) states, "[i]t is the intent of the Legislature that hearings held pursuant to this section be conducted in an informal setting

---

[9] Plaintiffs' cited *Gagnon* to the Court in support of its Motion (ER 22). The Court failed to even address *Gagnon* in is Order. (ER 1-13)

preserving the rights of the parties*.*" Furthermore, the "[p]roceedings need not be conducted according to technical rules relating to evidence and witnesses." 8 Cal. Code Regs. §13502.  The district court's application of formal trial rules to the informal Labor Commissioner proceeding is contrary to the intent and purpose of the Labor Commissioner hearing process.

Furthermore, Ignacio had an absolute right to withdraw her claim before the Labor Commissioner and to pursue her claims in a civil action.  An employee seeking redress under California's wage laws may choose to pursue her claims through the Labor Commissioner **or** the court:

> [a]n employee pursuing a wage-related claim has two principal options. The employee may seek judicial relief by filing an ordinary civil action against the employer for breach of contract and/or for the wages prescribed by statute. Or the employee may seek administrative relief by filing a wage claim with the commissioner pursuant to a special statutory scheme codified in [Labor Code] sections 98 to 98.8.

*Arias*, 207 Cal. App. 4th at 1434 (internal citation omitted).

Ignacio's withdrawal of her claim at the Labor Commissioner hearing must also be placed in context.  She was not represented by counsel at the hearing; Gevity was.  She could not have been expected to understand California's law of joint employers.[10]  She was not privy to the evidence of Barr's control over the terms and conditions of her employment that was exposed in discovery.  She was

---

[10] Indeed, the term "employer" was not fully defined until two years later when the California Supreme Court issued its opinion in *Martinez v. Combs*, 49 Cal. 4th 35 (2010).

not told that she would be foreclosed from pursuing Gevity in a judicial forum if she withdrew her claim. Therefore, the rigid application of *res judicata* to Ignacio's withdrawal of her claim would be manifestly unjust. *See Gregory,* 844 F.2d at 666.

The district court's application of formal civil trial procedural rules to Ignacio's withdrawal of her claim at the Labor Commissioner hearing is contrary to California and Ninth Circuit law. The Order should, accordingly, be reversed and the judgment vacated.

## D. The Labor Commissioner Did Not Reach A "Final Judgment On The Merits" Of The Appellants' Claims So *Res Judicata* Does Not Apply.

### 1. The Labor Commissioner Did Not Reach The Merits Of Appellants' Claims.

*Res judicata* does not apply to the claims of Appellants because the Labor Commissioner did not make a determination regarding Gevity's liability "on the merits." *Noble*, 160 Cal. App. 4th at 11. "An order of dismissal containing no statement whatever that it is made without prejudice is not a bar to a subsequent action, unless the record shows that there was an actual determination on the merits." *Gagnon*, 45 Cal.2d at 455.

As discussed above, the officer hearing Ignacio's claim dismissed Gevity based solely on Ignacio's withdrawal of her claim. The Labor Commissioner did not, therefore, reach **the merits** of Ignacio's claims against Gevity.

21

There is insufficient evidence to establish that the Labor Commissioner reached an "actual determination on the merits" of Johnson's claims. The hearing officer concluded that Gevity "is eliminated as a party to the case."[11] (ER 394) No explanation was provided for why it was "eliminated." There was certainly no actual determination on the merits of Johnson's claim against Gevity. The Labor Commissioner's Findings are, therefore, not *res judicata* as to Johnson's claims in the district court.

## 2. The Labor Commissioner Did Not Reach A Final Judgment On Appellants' Claims Against Gevity.

No "final judgment" was entered by the Labor Commissioner regarding Gevity's liability for Appellants' claims. *Res judicata* has "specific application to Labor Commissioner decisions on wage claims under [Labor Code] section 98, by virtue of section 98.2, which gives the administrative order the force of a final, binding judgment in the event…the **losing party** does not seek judicial review of the administrative order."[12] *Noble*, 160 Cal. App. 4th at 12 (emphasis supplied).

---

[11] It should also be noted that Johnson originally filed her claim against only AMX and it was the Labor Commissioner who added Gevity as a defendant. (ER 282, 284) Gevity did not appear at the Labor Commissioner hearing and Johnson appeared without representation. (ER 285-286, 288-293)

[12] Labor Code 98.2 states that a ruling by the Labor Commissioner shall have the "same force and effect, and is subject to all the provisions of law relating to, a judgment in a civil action" after a "certified copy of the final order" is filed with the clerk of the superior court of the appropriate county and "judgment [is] entered by the court clerk in conformity therewith."

Here, it is impossible to determine the "losing party" on Appellants' claims against Gevity because the Labor Commissioner's ODAs state only that Appellants shall recover against AMX. (ER 380, 394) The ODAs do not even mention Gevity so there is no final judgment on their claims.

Neither Appellants nor Gevity appealed the ODAs to the superior court.[13] The Labor Commissioner accordingly requested the entry of judgment on the ODAs in the Sonoma and Contra Costa superior courts in **favor** of Appellants against AMX. (RFJN, Ex. A, ER 295-300) No judgment was entered in favor or against Gevity. (*Id*.)

As the Labor Commissioner chose not to enter a final judgment in the superior court regarding Gevity's liability for Appellants' claims, the district court's finding of *res judicata* was erroneous and should be reversed.

---

[13] Indeed, it is not clear whether Appellants could have appealed to the superior court under Labor Code section 98.2 since Gevity was not named in their ODAs. Appellants could find no published authority addressing such a scenario.

## VII.   CONCLUSION

Appellants Ignacio and Johnson respectfully request that this Court reverse the district court's Order denying Appellants Motion to Substitute Class Representatives, vacate the judgment, and remand the matter for further proceedings on the claims of Johnson, Ignacio and the other similarly situated employees they seek to represent.


Dated: October 19, 2012                Cornerstone Law Group


                                       By:    /s/ Harry G. Lewis
                                       Harry G. Lewis
                                       Attorneys for Appellants Maria Ignacio and
                                       Cherie Johnson

## STATEMENT OF RELATED CASES

Appellants are aware of no related cases pending in this Court.

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,310 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Times New Roman in 14 pt. size.

/s/ Harry G. Lewis
Harry G. Lewis
Attorneys for Plaintiffs Appellants
Maria Ignacio and Cherie Johnson

## CERTIFICATE OF SERVICE

I hereby certify that this brief was filed with the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Harry G. Lewis
Harry G. Lewis

25

No. 12-16311

_____

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

MARIA IGNACIO AND CHERIE JOHNSON,
individually and on behalf of all other similarly situated persons,

Plaintiffs-Appellants

vs.

GEVITY HR, INC., a Florida Corporation,

Defendant-Appellee

_____

Appeal from the Honorable Edward M. Chen
United States District Judge. United States District Court
Northern District of California, Case No.: 09-cv-05972-EMC

_____

**APPELLANTS ADDENDUM TO OPENING BRIEF**

Harry G. Lewis (SBN 157705)
Jennifer A. Donnellan (SBN 210795)
CORNERSTONE LAW GROUP
575 Market Street, Suite 3050
San Francisco, CA 94105
Telephone:(415) 625-5025
Facsimile: (415) 655-8236

Attorneys for Appellants

# TABLE OF CONTENTS

Page

28 USCS § 1291 ................................................................................ 1

28 USCS § 1332 ................................................................................ 1

Federal Rule of Civil Procedure 41 .................................................. 8

California Labor Code § 98................................................................ 9

Cal Labor Code § 98.2......................................................................12

8 Cal. Code of Regs. § 13502............................................................14

## 28 USCS § 1291.  Final decisions of district courts

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title [28 USCS §§ 1292(c) and (d) and 1295].

## 28 USCS § 1332. Diversity of citizenship; amount in controversy; costs

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between--

(1) Citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title [28 USCS § 1603(a)], as plaintiff and citizens of a State or of different States.

(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $

1

75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

(c) For the purposes of this section and section 1441 of this title [28 USCS § 1441]--

(1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--

(A) every State and foreign state of which the insured is a citizen;

(B) every State and foreign state by which the insurer has been incorporated; and

(C) the State or foreign state where the insurer has its principal place of business; and

(2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

(d) (1) In this subsection--

(A) the term "class" means all of the class members in a class action;

(B) the term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action;

(C) the term "class certification order" means an order issued by a court approving the treatment of some or all aspects of a civil action as a class action; and

(D) the term "class members" means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.

(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and is a class action in which--

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

(B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

(3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of--

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

3

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

(4) A district court shall decline to exercise jurisdiction under paragraph (2)--

(A) (i) over a class action in which--

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant--

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

4

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

(5) Paragraphs (2) through (4) shall not apply to any class action in which--

(A) the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or

(B) the number of members of all proposed plaintiff classes in the aggregate is less than 100.

(6) In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs.

(7) Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction.

(8) This subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action.

(9) Paragraph (2) shall not apply to any class action that solely involves a claim--

(A) concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));

(B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of

the State in which such corporation or business enterprise is incorporated or organized; or

     (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).

    (10) For purposes of this subsection and section 1453 [28 USCS § 1453], an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.

    (11) (A) For purposes of this subsection and section 1453 [28 USCS § 1453], a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs.

    (B) (i) As used in subparagraph (A), the term "mass action" means any civil action (except a civil action within the scope of section 1711(2) [28 USCS § 1711(2)]) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).

     (ii) As used in subparagraph (A), the term "mass action" shall not include any civil action in which--

      (I) all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State;

      (II) the claims are joined upon motion of a defendant;

6

(III) all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action; or

(IV) the claims have been consolidated or coordinated solely for pretrial proceedings.

(C) (i) Any action(s) removed to Federal court pursuant to this subsection shall not thereafter be transferred to any other court pursuant to section 1407 [28 USCS § 1407], or the rules promulgated thereunder, unless a majority of the plaintiffs in the action request transfer pursuant to section 1407 [28 USCS § 1407].

(ii) This subparagraph will not apply--

(I) to cases certified pursuant to rule 23 of the Federal Rules of Civil Procedure; or

(II) if plaintiffs propose that the action proceed as a class action pursuant to rule 23 of the Federal Rules of Civil Procedure.

(D) The limitations periods on any claims asserted in a mass action that is removed to Federal court pursuant to this subsection shall be deemed tolled during the period that the action is pending in Federal court.

(e) The word "States", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico.

## Federal Rule of Civil Procedure 41. Dismissal of Actions

(a) Voluntary Dismissal.

(1) By the Plaintiff.

(A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

(c) Dismissing a Counterclaim, Crossclaim, or Third-Party Claim. This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim. A claimant's voluntary dismissal under Rule 41(a)(1)(A)(i) must be made:

(1) before a responsive pleading is served; or

(2) if there is no responsive pleading, before evidence is introduced at a hearing or trial.

(d) Costs of a Previously Dismissed Action. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

(1) may order the plaintiff to pay all or part of the costs of that previous action; and

(2) may stay the proceedings until the plaintiff has complied.

**California Labor Code § 98. Employee complaints; Investigation and hearing**

(a) The Labor Commissioner is authorized to investigate employee complaints. The Labor Commissioner may provide for a hearing in any action to recover wages, penalties, and other demands for compensation, including liquidated damages if the complaint alleges payment of a wage less than the minimum wage fixed by an order of the Industrial Welfare Commission or by statute, properly before the division or the Labor Commissioner, including orders of the Industrial Welfare Commission, and shall determine all matters arising under his or her jurisdiction. It is within the jurisdiction of the Labor Commissioner to accept and determine claims from holders of payroll checks or payroll drafts returned unpaid because of insufficient funds, if, after a diligent search, the holder is unable to return the dishonored check or draft to the payee and recover the sums paid out. Within 30 days of the filing of the complaint, the Labor Commissioner shall notify the parties as to whether a hearing will be held, whether action will be taken in

accordance with Section 98.3, or whether no further action will be taken on the complaint. If the determination is made by the Labor Commissioner to hold a hearing, the hearing shall be held within 90 days of the date of that determination. However, the Labor Commissioner may postpone or grant additional time before setting a hearing if the Labor Commissioner finds that it would lead to an equitable and just resolution of the dispute. A party who has received actual notice of a claim before the Labor Commissioner shall, while the matter is before the Labor Commissioner, notify the Labor Commissioner in writing of any change in that party's business or personal address within 10 days after the change in address occurs.

It is the intent of the Legislature that hearings held pursuant to this section be conducted in an informal setting preserving the rights of the parties.

(b) When a hearing is set, a copy of the complaint, which shall include the amount of compensation requested, together with a notice of time and place of the hearing, shall be served on all parties, personally or by certified mail, or in the manner specified in Section 415.20 of the Code of Civil Procedure.

(c) Within 10 days after service of the notice and the complaint, a defendant may file an answer with the Labor Commissioner in any form as the Labor Commissioner may prescribe, setting forth the particulars in which the complaint is inaccurate or incomplete and the facts upon which the defendant intends to rely.

(d) No pleading other than the complaint and answer of the defendant or defendants shall be required. Both shall be in writing and shall conform to the form and the rules of practice and procedure adopted by the Labor Commissioner.

(e) Evidence on matters not pleaded in the answer shall be allowed only on terms and conditions the Labor Commissioner shall impose. In all these cases, the claimant shall be entitled to a continuance for purposes of review of the new evidence.

(f) If the defendant fails to appear or answer within the time allowed under this chapter, no default shall be taken against him or her, but the Labor Commissioner shall hear the evidence offered and shall issue an order, decision, or award in accordance with the evidence. A defendant failing to appear or answer, or subsequently contending to be aggrieved in any manner by want of notice of the pendency of the proceedings, may apply to the Labor Commissioner for relief in accordance with Section 473 of the Code of Civil Procedure. The Labor Commissioner may afford this relief. No right to relief, including the claim that the findings or award of the Labor Commissioner or judgment entered thereon are void upon their face, shall accrue to the defendant in any court unless prior application is made to the Labor Commissioner in accordance with this chapter.

(g) All hearings conducted pursuant to this chapter are governed by the division and by the rules of practice and procedure adopted by the Labor Commissioner.

(h)

(1) Whenever a claim is filed under this chapter against a person operating or doing business under a fictitious business name, as defined in Section 17900 of the Business and Professions Code, which relates to the person's business, the division shall inquire at the time of the hearing whether the name of the person is the legal name under which the business or person has been licensed, registered, incorporated, or otherwise authorized to do business.

(2) The division may amend an order, decision, or award to conform to the legal name of the business or the person who is the defendant to a wage claim, if it can be shown that proper service was made on the defendant or his or her agent, unless a judgment had been entered on the order, decision, or award pursuant to subdivision (d) of Section 98.2. The Labor Commissioner may apply to the clerk of the superior court to amend a judgment that has been issued pursuant to a final

11

order, decision, or award to conform to the legal name of the defendant, if it can be shown that proper service was made on the defendant or his or her agent.

## Cal. Labor Code § 98.2. Employee complaints; Appeal; Bond; Costs and fees; Form to identify assets; Stay; Satisfaction of judgment

(a) Within 10 days after service of notice of an order, decision, or award the parties may seek review by filing an appeal to the superior court, where the appeal shall be heard de novo. The court shall charge the first paper filing fee under Section 70611 of the Government Code to the party seeking review. The fee shall be distributed as provided in Section 68085.3 of the Government Code. A copy of the appeal request shall be served upon the Labor Commissioner by the appellant. For purposes of computing the 10-day period after service, Section 1013 of the Code of Civil Procedure is applicable.

(b) As a condition to filing an appeal pursuant to this section, an employer shall first post an undertaking with the reviewing court in the amount of the order, decision, or award. The undertaking shall consist of an appeal bond issued by a licensed surety or a cash deposit with the court in the amount of the order, decision, or award. The employer shall provide written notification to the other parties and the Labor Commissioner of the posting of the undertaking. The undertaking shall be on the condition that, if any judgment is entered in favor of the employee, the employer shall pay the amount owed pursuant to the judgment, and if the appeal is withdrawn or dismissed without entry of judgment, the employer shall pay the amount owed pursuant to the order, decision, or award of the Labor Commissioner unless the parties have executed a settlement agreement for payment of some other amount, in which case the employer shall pay the amount that the employer is obligated to pay under the terms of the settlement agreement. If the employer fails to pay the amount owed within 10 days of entry of the judgment, dismissal, or

12

withdrawal of the appeal, or the execution of a settlement agreement, a portion of the undertaking equal to the amount owed, or the entire undertaking if the amount owed exceeds the undertaking, is forfeited to the employee.

(c) If the party seeking review by filing an appeal to the superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal. An employee is successful if the court awards an amount greater than zero.

(d) If no notice of appeal of the order, decision, or award is filed within the period set forth in subdivision (a), the order, decision, or award shall, in the absence of fraud, be deemed the final order.

(e) The Labor Commissioner shall file, within 10 days of the order becoming final pursuant to subdivision (d), a certified copy of the final order with the clerk of the superior court of the appropriate county unless a settlement has been reached by the parties and approved by the Labor Commissioner. Judgment shall be entered immediately by the court clerk in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all of the provisions of law relating to, a judgment in a civil action, and may be enforced in the same manner as any other judgment of the court in which it is entered. Enforcement of the judgment shall receive court priority.

(f)

(1) In order to ensure that judgments are satisfied, the Labor Commissioner may serve upon the judgment debtor, personally or by first-class mail at the last known address of the judgment debtor listed with the division, a form similar to, and requiring the reporting of the same information as, the form approved or adopted by the Judicial Council for purposes of subdivision (a) of Section 116.830

13

of the Code of Civil Procedure to assist in identifying the nature and location of any assets of the judgment debtor.

 (2) The judgment debtor shall complete the form and cause it to be delivered to the division at the address listed on the form within 35 days after the form has been served on the judgment debtor, unless the judgment has been satisfied. In case of willful failure by the judgment debtor to comply with this subdivision, the division or the judgment creditor may request the court to apply the sanctions provided in Section 708.170 of the Code of Civil Procedure.

(g) Notwithstanding subdivision (e), the Labor Commissioner may stay execution of any judgment entered upon an order, decision, or award that has become final upon good cause appearing therefor and may impose the terms and conditions of the stay of execution. A certified copy of the stay of execution shall be filed with the clerk entering the judgment.

(h) When a judgment is satisfied in fact, other than by execution, the Labor Commissioner may, upon the motion of either party or on its own motion, order entry of satisfaction of judgment. The clerk of the court shall enter a satisfaction of judgment upon the filing of a certified copy of the order.

(i) The Labor Commissioner shall make every reasonable effort to ensure that judgments are satisfied, including taking all appropriate legal action and requiring the employer to deposit a bond as provided in Section 240.

(j) The judgment creditor, or the Labor Commissioner as assignee of the judgment creditor, is entitled to court costs and reasonable attorney's fees for enforcing the judgment that is rendered pursuant to this section.

## 8 Cal. Code of Regs. § 13502.  Conduct of Hearings

Hearings by the Labor Commissioner under Sections 98 et seq., of the Labor Code shall be presided over by a Deputy Labor Commissioner. The hearing shall be

14

reported or phonographically recorded. Either party may request a copy of the transcript or recording, and shall bear all costs incidental to the preparation of same. If the record of the hearing is transcribed by any party, a copy thereof shall be provided to the Labor Commissioner free of any charge or cost within five (5) days of such transcription. Proceedings need not be conducted according to technical rules relating to evidence and witnesses. Any relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of such evidence over objection in civil actions.